**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATHERINE W. ORCUTT,

          Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No. 19-16078

D.C. No.
2:15-cv-02474-JCM-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before: CHRISTEN and BADE, Circuit Judges, and FEINERMAN,[**] District
Judge.

      Plaintiff Catherine Orcutt appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for Social Security

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

disability benefits. We review de novo and may set aside a denial of benefits only if it is unsupported by substantial evidence or the administrative law judge (ALJ) committed legal error. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the arguments on appeal.

1. Orcutt argues the ALJ erred by discounting the opinion of her treating physician, Dr. Robinson. "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted," *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), but "must provide 'specific and legitimate' reasons for rejecting the opinion of a treating physician," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)).

The ALJ found that Dr. Robinson's opinion was not supported by his own objective findings, vague, and inconsistent with Orcutt's daily activities. Dr.

2

Robinson's examination notes from 2007 through 2012 repeatedly reflected that Orcutt walked well with a normal gait and presented normal station, reflex, motor, and sensory responses. Although Dr. Robinson consistently noted that Orcutt experienced pain and tenderness around the T7 vertebra, his examination findings are not consistent with the degree of disability Orcutt claims. *See id.* Moreover, the objective medical evidence in the record shows that Orcutt received significant relief from her symptoms with interlaminar nerve block injections and the relief lasted for periods of up to twelve weeks. We conclude the ALJ gave specific and legitimate reasons for discounting Dr. Robinson's opinion.

2. In the district court, Orcutt did not challenge the weight given to the opinions of Dr. Krutulis or Nurse Practitioner Landcastle. Assuming these arguments are not waived, we conclude the ALJ did not erroneously weigh these two opinions. As with Dr. Robinson's opinion, the ALJ permissibly discounted the opinions because they were inconsistent with other evidence in the record.

3. Orcutt also argues the ALJ erred by discounting her subjective symptom testimony. An ALJ must complete a two-step analysis to determine whether a claimant's symptom testimony is credible. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). First, the ALJ determines whether the claimant presented "objective medical evidence of an underlying impairment [that] could

3

reasonably be expected to produce the [claimant's] pain or other symptoms alleged." *Id.* (internal citation omitted). Second, if the ALJ finds no evidence of malingering, the ALJ may reject the claimant's symptom testimony by providing "specific, clear and convincing reasons" for doing so. *Id.* (internal citation and quotation marks omitted).

At step two, the ALJ determined Orcutt's testimony that her limitations would preclude her from working was inconsistent with objective clinical findings, internally inconsistent, and exaggerated. As discussed, the objective medical evidence showed normal motor and sensory functions despite Orcutt's reports of pain and tenderness around T7. The evidence also showed that the injections she received provided significant reduction in pain for up to twelve weeks at a time. Though she testified her pain precluded her from working, Orcutt testified that she had looked for other accounting jobs, and was working on a part-time basis at the time of her 2013 hearing. We conclude the ALJ provided sufficiently specific, clear and convincing reasons for discounting Orcutt's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing.").

4

4.    Orcutt's argument that the ALJ's residual functional capacity determination was unsupported by substantial evidence depends on her arguments that the ALJ erred by discounting the opinions of Dr. Robinson, Dr. Krutulis, and Nurse Practitioner Landcastle.  Because we conclude the ALJ did not erroneously weigh those medical opinions, we conclude the ALJ's residual functional capacity determination was supported by substantial evidence.

**AFFIRMED.**